UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Marsha K. Parenteau, et al.,

    Plaintiffs,

v.

Century Bank,

    Defendant.

Case No. 2:07cv851

Judge Michael H. Watson

## OPINION AND ORDER

Before the Court are the following:

1. The May 27, 2009 Motion of Plaintiff Thomas E. Parenteau (hereinafter "Plaintiff") for Immediate Stay of Proceedings or, Alternatively, for a Stay of Discovery (Doc. 90). Defendant Century Bank (hereinafter "Defendant Century") filed a Memorandum in Opposition on June 12, 2009 (Doc. 93). Plaintiff filed a Reply Memorandum on June 26, 2009 (Doc. 96).

2. The May 27, 2009 Motion of Plaintiff for Protective Order (Doc. 91). Defendant filed a Memorandum in Opposition on June 22, 2009 (Doc. 95). Plaintiff filed a Reply Memorandum on June 26, 2009 (Doc. 96).

These motions are now ripe for review. For the foregoing reasons, Plaintiff's Motion for Stay is hereby **GRANTED.**

### I. Motion to Stay

Plaintiff seeks a stay of this action or, in the alternative, a stay of discovery, pending the resolution of the federal criminal charges in *United States v. Parenteau, et al.*, Case No. 2:08cr80, Southern District of Ohio, Eastern Division. In the criminal

action, the Government alleges that Plaintiff, and others, conspired to launder money and conduct loan application fraud in connection with loans on the property located at 4500 Dublin Road, Dublin, Ohio 43217, including the loan from Defendant Century. As such, Plaintiff contends a stay under these circumstances is necessary to prevent extending criminal discovery beyond the limits set forth in Fed. R. Crim. P. 16(b), exposing Plaintiff's defense theories to the prosecution in advance of trial, impairing his Fifth Amendment rights against self-incrimination, and otherwise prejudicing the criminal case.

In response, Defendant Century contends a stay should not be granted because it would have a dramatic impact on the continuing operations of Defendant Century and would threaten its ability to function as a viable entity. Defendant Century asserts Plaintiff is in default under the loan at issue and the residential property which serves as collateral for the loan is vacant and not being maintained. As such, Defendant Century maintains that if it is not permitted to pursue its claims for repayment of the loan in a timely fashion there is a substantial likelihood that it will have to write down the loan by an amount that will cause Defendant Century to fall below the minimum capital requirement mandated by Federal law. Defendant Century argues if this occurs, it will be subject to seizure by the Office of Thrift Supervision and Defendant Century would be forced to liquidate its operations. Additionally, Defendant Century maintains a stay in this matter would threaten the value of the collateral. Defendant Century asserts that the residential property that collateralizes the loan is vacant and is not being maintained. As such, Defendant Century argues it needs to foreclose on the collateral

now to protect the property's value and to minimize the costs to it in selling the collateral.

A court should consider the following factors in determining whether a stay of a civil proceeding is appropriate pending the resolution of a criminal action:

(1) the extent to which the issues in the civil and criminal proceedings overlap;

(2) the status of the criminal proceedings, including whether the Defendant has been indicted;

(3) the plaintiff's interest in proceeding expeditiously with civil proceedings weighed against the prejudice to the plaintiff caused by the delay;

(4) the hardship on the defendant;

(5) the convenience of both the civil and criminal courts; and

(6) the interest of the public and third parties.

Chao v. Fleming, 498 F. Supp. 2d 1034,1037 (W.D. Mich. 2007), citing Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

An examination of these factors leads the Court to conclude that a stay of this action is appropriate. First, there is a significant overlap of issues in the civil and criminal proceedings. Moreover, Plaintiff's criminal trial is currently scheduled for March 3, 2010. While Defendant Century may have a strong financial interest in resolving the civil case expeditiously, defending the civil suit while the criminal action is pending places Plaintiff in a precarious position. Plaintiff has a strong interest in defending himself against the claims asserted by Defendant Century but he is also entitled to exercise his Fifth Amendment privilege. Allowing both actions to continue will result in

Plaintiff having to choose between defending the claims asserted by Defendant Century and exposing his defense theories prior to trial and impairing his Fifth Amendment privilege. The criminal actions against Plaintiff are serious and, if he is convicted, Plaintiff may face a significant period of incarceration. Thus, Defendant Century's financial interests do not outweigh Plaintiff's interests in ensuring he has a fair trial.[1]

Accordingly, the May 27, 2009 Motion of Plaintiff for Immediate Stay of Proceedings (Doc. 90) is hereby **GRANTED**; and the May 27, 2009 Motion of Plaintiff for Protective Order (Doc. 91) is hereby **DEEMED MOOT**.

**IT IS SO ORDERED.**

_____
Michael H. Watson, Judge
United States District Court

---

[1] The Court notes that since the filing of Plaintiff's motion and the subsequent briefing that the Office of Thrift Supervision (hereinafter "OTS") closed Centry Bank on November 13, 2009. OTS appointed the Federal Deposit Insurance Corporation as receiver.
http://www.ots.treas.gov/?p=PressReleases&ContentRecord_id=ef5ffc89-1e0b-8562-eb18-9601afe567b5&ContentType_id=4c12f337-b5b6-4c87-b45c-838958422bf3