IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARSHA K. PARENTEAU,** *et al.*,

      Plaintiffs,

  vs.                                Civil Action 2:07-CV-851
                                          Judge Watson
                                          Magistrate Judge King

**CENTURY BANK, A FLORIDA
CORPORATION,**

      Defendant.


**OPINION AND ORDER**

     On May 29, 2013, it was recommended that the *Motion for Award of Damages*, Doc. No. 193, filed on behalf of IberiaBank, N.A., ("IberiaBank") be granted in part and denied in part. *Report and Recommendation*, Doc. No. 200.  Plaintiff Thomas E. Parenteau ("Parenteau") thereafter filed a motion seeking a 45-day extension of time to respond to the *Report and Recommendation* and a stay of the current case until after the United States Court of Appeals for the Sixth Circuit issues a decision in his appeal from the judgment in his criminal case, Case No. 2:08-cr-180(1).  Doc. No. 205.  The Court granted plaintiff until July 13, 2013 to file objections to the *Report and Recommendation* and reserved ruling on plaintiff's motion to stay pending briefing.  *Order*, Doc. No. 206.  This matter is now before the Court for consideration of *Plaintiff's Motion to Stay*, Doc. No. 205.  IberiaBank opposes Parenteau's motion ("*IberiaBank's Response*"), Doc. No. 208.  Plaintiff has not filed a reply.  For the reasons that follow, *Plaintiff's Motion to Stay* is **DENIED**.

**I.   Background**

This Court previously set forth the background of this case:

Plaintiffs Thomas Parenteau and Marsha Parenteau instituted this action against Century Bank, A Florida Corporation ("Century Bank") in August 2007 [on behalf of themselves and of a Trust], alleging claims of breach of contract, conversion, and unjust enrichment and seeking relief in the form of damages, declaratory judgment, and preliminary and permanent injunctions. *Complaint*, Doc. No. 2, pp. 1, 7, 9. . . . Century Bank thereafter asserted counterclaims and third party claims against Marsha Parenteau, in her individual and representative capacity, Thomas Parenteau, and [Dennis] Sartain for breach of contract, conversion, unjust enrichment, fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). *See Second Amended Counterclaim Against All Plaintiffs and Third Party Complaint Against New Third Party Defendants*, Doc. No. 89.

IberiaBank is the successor in interest to Century Bank and was substituted for Century Bank in November 2010. *Order*, Doc. No. 124, p. 2.

The parties' claims arise out of a $12 million mortgage loan (the "Loan") made by Century Bank in 2007 to the Trust and secured by the residence and real property located at 4500 Dublin Rd., Columbus, Ohio 43211, Parcel Nos. 200-000358 and 200-003079 (the "Property"). *See Opinion and Order*, Doc. No. 187, pp. 2-7.  The Property was purchased by plaintiffs Thomas and Marsha Parenteau through the Trust in 2003 and refinanced with the Loan. *Id*. at p. 3.  The Loan required that, *inter alia*, plaintiffs deposit $3 million of the Loan proceeds in a certificate of deposit with Century Bank until the Loan was paid down by $3 million or paid off. *Id*. at pp. 6-7.  Plaintiffs' claims of breach of contract, conversion, and unjust enrichment were all premised on the bank's alleged wrongful conversion of the certificate of deposit and failure to distribute the full amount of the Loan proceeds. *See Complaint*, pp. 7-9. The counterclaims and third party claims are premised on, *inter alia*, Thomas and Marsha Parenteau and Sartain's representations made in connection with the Loan application and the failure to pay the Loan according to its terms.

Criminal proceedings relating to the Loan application were brought against Thomas Parenteau, Marsha Parenteau, and Sartain.  Marsha Parenteau pleaded guilty to conspiracy to commit money laundering, namely, the proceeds of the Loan application, in violation of 18 U.S.C § 1956(h).  *See*

2

> *United States v. Parenteau*, No. 12-3015, 2012 WL 5896561, at *1-3 (6th Cir. Nov. 26, 2012). In July 2010, a jury found Thomas Parenteau guilty of conspiracy to commit money laundering in connection with the Loan application; *see United States v. Thomas Parenteau*, Case No. 2:08-cr-180(1) (S.D. Ohio 2008), Doc. No. 256, at *PAGEID* 1997-2009; and Sartain pleaded guilty to the same count of conspiracy to commit money laundering, *see United States v. Dennis Sartain*, 2:08-cr-180(2) (S.D. Ohio 2008).
>
> On January 27, 2011, judgment was entered in favor of IberiaBank and against Thomas Parenteau and Marsha Parenteau on Count One (money judgment for default on the note and mortgage) and Count Two (foreclosure) of the *Third Amended Counterclaim Against all Plaintiffs and Third Party Complaint Against New Third Party Defendants* ("*Third Amended Counterclaim*"), Doc. No. 111. *Consent Judgment*, Doc. No. 143. The Property was ordered sold at a foreclosure sale, *Consent Judgment*, Doc. No. 143, p. 3, and the Court appointed a Special Master for that purpose. *Order Appointing Special Master*, Doc. No. 148.
>
> IberiaBank purchased the Property at an April 19, 2012 public sale for a credit bid of $3,222,222.22. *Amended Order of Confirmation of Sale Nunc Pro Tunc*, Doc. No. 196; *Order of Confirmation of Sale*, Doc. No. 182. The sale was confirmed and approved by the Court on June 13, 2012. *Amended Order of Confirmation of Sale Nunc Pro Tunc*, Doc. No. 196; *Order of Confirmation of Sale*, Doc. No. 182.
>
> Marsha Parenteau and IberiaBank settled their claims and, on July 18, 2012, the Court dismissed "with prejudice all claims and counterclaims between Marsha Parenteau and IberiaBank and dismisse[d] Marsha Parenteau from this lawsuit with prejudice." *Order*, Doc. No. 184. Marsha Parenteau resigned as trustee of the Trust on January 14, 2011, and was substituted by Thomas Parenteau as the trustee for the Trust on May 2, 2013. *Order*, Doc. No. 199.
>
> IberiaBank moved for summary judgment on plaintiffs' claims against it and on its fraud and RICO claims against plaintiffs and Sartain. *Defendant IberiaBank's Motion for Summary Judgment*, Doc. No. 183. On February 5, 2013, the Court granted IberiaBank summary judgment on all of plaintiffs' claims and on its fraud and RICO claims against plaintiffs and Sartain and referred this matter to the undersigned for a recommended determination of IberiaBank's damages. [*Order*, Doc. No. 187] pp. 12, 14, 18-19.

*Report and Recommendation*, Doc. No. 200, pp. 1-4.

3

Despite opportunity to do so, Parenteau made no response to IberiaBank's motion for award of damages. On May 29, 2013, the undersigned issued a *Report and Recommendation*, Doc. No. 200, recommending that IberiaBank's motion for award of damages be granted in part and denied in part and specifically recommended that IberiaBank be awarded $ 27,765,679.23 in actual and treble damages plus $ 33,154.96 in attorneys' fees and costs, for a total award of $ 27,798,834.19. *Report and Recommendation*, Doc. No. 200. As noted *supra*, there has been no objection to that recommendation.

**II. Standard**

A stay of civil proceedings due to a pending criminal investigation is "'an extraordinary remedy.'" *United States v. Ogbazion*, No. 3:12-cv-95, 2012 WL 4364306, at *1 (S.D. Ohio Sept. 24, 2012) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2nd Cir. 2012)). "However, simultaneous criminal and civil cases involving the same or closely related facts may give rise to Fifth Amendment concerns sufficient to warrant a stay of the civil proceedings.'" *Claborn v. Ohio*, No. 2:11-cv-679, 2011 WL 5999040, at *1 (S.D. Ohio Nov. 30, 2011) (quoting *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007)). District courts may, in the exercise of their discretion, stay a civil action pending the outcome of a parallel criminal proceeding. *Baird v. Daniels*, No. 1:12-cv-945, 2013 WL 4008750, at *1 (S.D. Ohio Aug. 5, 2013) (citing *McCullaugh v. Krendick*, No. 5:07-cv-2341, 2009 WL 2929306 (N.D. Ohio Sept. 9, 2009)); *Ogbazion*, 2012 WL 4364306 at *1 (citations omitted); *Kanaan v. Falsetti*, No. 12-11680, 2012 WL 2829951, at *1 (E.D. Mich. July 10,

4

2012) (citations omitted).  In determining whether to stay a proceeding, courts are guided by the circumstances, such as:

> "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether [a party has] been indicted; (3) the private interests of the [civil claimants] in proceeding expeditiously weighed against the prejudice to [them] caused by the delay; (4) the private interests of and burden on the [party defending against the claim]; (5) the interests of the courts; and (6) the public interest."

*Baird*, 2013 WL 4008750 at *1 (quoting *McCloskey v. White*, No. 3:09-cv-1273, 2011 WL 780793, at *1 (N.D. Ohio Mar. 1, 2011)).

### III. Discussion

Parenteau represents that the requested stay is appropriate for several reasons: he is preceding *pro se,* he is incarcerated, he has not yet received certain transcripts and public records, and the proceedings in this action are related to the matters raised on appeal and pending before the Sixth Circuit.  *Plaintiff's Motion to Stay*, pp. 2-3.  Parenteau's arguments are without merit.

Although IberiaBank's claims are premised on the same transactions underlying plaintiff's criminal conviction, the issues in plaintiff's criminal case do not overlap with this action at this time.  Parenteau's liability on IberiaBank's fraud and RICO claims has been established and IberiaBank has been granted summary judgment on Parenteau's claims against it. *Order*, Doc. No. 187.  No evidentiary issues remain in this action or in Parenteau's criminal action, and Parenteau's liability on IberiaBank's claims does not depend on the finality of his criminal conviction.  Indeed, the only issue remaining

5

for resolution in this action is the amount of IberiaBank's damages. *See id*.

Parenteau made no response to IberiaBank's motion for damages and he has not objected to the recommendation that IberiaBank be awarded damages. Significantly, Parenteau does not invoke any rights under the Fifth Amendment. Most important, the United States Court of Appeals for the Sixth Circuit has now affirmed Parenteau's criminal conviction. *United States v. Thomas Parenteau*, -- Fed.Appx. --, 2013 WL 3214934 (6th Cir. June 27, 2013). Finally, IberiaBank represents, and Parenteau does not contest, that IberiaBank will be significantly prejudiced by a stay of the resolution of the single remaining issue in this action. *See IberiaBank's Response*, p. 3.

Accordingly, the Court concludes that the circumstances in this case weigh overwhelmingly against issuing a stay of the action. *Plaintiff's Motion to Stay*, Doc. No. 205, is therefore **DENIED**.

As discussed *supra*, plaintiff has not filed objections to the *Report and Recommendation*, Doc. No. 200, despite being granted until July 13, 2013 in which to do so.  Plaintiff is nevertheless **GRANTED** ten (10) days from the date of this *Opinion and Order* to file objections to the *Report and Recommendation*, Doc. No. 200.  **There will be no further extension of this date.**

August 20, 2013                                    *s/Norah McCann King*
                                                    Norah McCann King
                                         United States Magistrate Judge

6